[No. 17171.  Department Two.  August 4, 1922.]

## S. L. McMANEMY et al., Appellants, v. MICHAEL LENTZ et al., Respondents.[1]

BOUNDARIES (13)—LOCATION OF LINE—EVIDENCE—SUFFICIENCY. A claim that a highway, on a line between two tracts, as surveyed by a deputy county engineer, was not established on the true line, requires very convincing evidence that the survey was not on the true line, where the highway had been used for years and the lands occupied and improved with reference to it, and all the boundary lines in the plat would be changed.

Appeal from a judgment of the superior court for Grays Harbor county, Sheeks, J., entered October 24, 1921, in favor of the defendants, dismissing an action for an injunction, tried to the court.   Affirmed.

*Frank L. Morgan*, for appellants.

*R. A. Lathrop*, for respondents.

MAIN, J.—The purpose of this action was to restrain the defendants from trespassing upon land claimed to be owned by the plaintiffs.   The answer was a general denial.   The trial to the court without a jury resulted in a judgment dismissing the action, from which the plaintiffs appeal.

The appellants are the owners of lots 8 and 9, Aberdeen Garden Tracts, containing approximately 22 acres.   The plat of the Garden Tracts was made and filed during the year 1889.   Since that time the lands covered by the plat had been sold in small parcels and are now occupied by small farms or truck gardens. The respondents own three tracts in this plat lying to the north and west of that owned by the appellants. Immediately to the north of lot 8 on the plat, is lot 4. In the year 1911, certain parties were desirous of having a roadway on the line between lot 4 and lot 8, and

[1]Reported in 208 Pac. 8.

to this end petitioned the county commissioners to establish such a road. In regular course, the road was established by the county commissioners, after the then owners of lot 8, and also of lot 4, had signed waivers each to a strip of land 16 feet wide upon their respective lots. This would make a roadway 32 feet wide, the center of which would be upon the dividing line between lots 4 and 8. The then deputy county engineer went upon the land and surveyed and fixed the boundaries of the new road. After this and during the same year, the roadway was cleared, grubbed, leveled and graded by parties especially interested in having the road. The county bore the engineering expenses, but did not expend any other money upon the road at that time. It is probable that since that time the county has furnished a small amount of plank to be used upon the roadway, and has also regarded it as a county road. The purpose of laying out the road was so that the parties to the west or northwest would have an outlet to a county thoroughfare. The road had been used continually until some time during the fore part of the year 1921, when the appellants constructed a fence across it which was torn down soon thereafter by one of the respondents.

The appellants claim that the roadway as laid out, constructed, and traveled is not upon the true boundary line between lots 4 and 8, but is something like 25 feet to the south thereof. This contention is based largely, if not entirely, upon a survey made by one George D. Robertson in the year 1913, when he practically retraced the lines of the entire tract of Aberdeen Gardens. The evidence shows that the roadway as now used is exactly where it was laid out to be by the survey of the deputy county engineer in the year 1911. If the Robertson survey should be accepted, the road is not

upon the dividing line between the two lots, but encroaches upon lot 8 owned by the plaintiffs. If the testimony of the engineer who surveyed and fixed the boundaries of the road is to be accepted, the center of the roadway is upon the original dividing line between the two lots. The evidence shows that, if the Robertson survey were accepted, it would result in changing the other lines of the Aberdeen Gardens, because if a change were made in the northern boundary of lot 8 it would affect every other boundary line in the whole plat. In the cross-examination of an engineer called as a witness by the appellants, the following occurs:

"Q. And according to the plat and Mr. Robertson's notes, if the northern line of Lot '8' was pushed twenty-six feet or any other number of feet north, would that change the southern line too? A. Sure it would change the other corner. Q. And would that in turn have changed the southern line of Lot '9'? A. Yes, sir. Q. And then if any change is made, according to this plat,—according to the original plat, in the northern boundary of Lot '8' it will affect every other boundary line in the whole plat, will it not? A. Yes, sir. Court: In other words, it will change or move the whole plat north? A. Yes."

To make a finding that the Robertson survey was correct, and thus disturb the boundary line of the entire tract, would require very convincing evidence that the road was not established and laid out upon the true line. As we view the evidence, it does not preponderate in favor of appellants, but rather in favor of respondents. There is some mention in the briefs on the question as to whether a roadway had not been established by prescription, but we find it unnecessary to discuss this question and have not set forth the facts which would tend to establish a roadway by this method. The county was not made a party to this

action, and we have assumed, without deciding, that this was not fatal to the right of the appellants to maintain the action.

The judgment will be affirmed.

PARKER, C. J., HOLCOMB, MACKINTOSH, and HOVEY, JJ., concur.